UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
MARVEL CHARACTERS, INC.,

        Plaintiff,

   -against-

NANCI SOLO and ERIK COLAN,              **MEMORANDUM & ORDER**
                                                                              21-CV-5316 (DG) (TAM)

        Defendants.
------------------------------------------------------------X
NANCI SOLO and ERIK COLAN,

        Counterclaimants,

   -against-

MARVEL CHARACTERS, INC. and
DOES 1–10,

        Counterclaim-Defendants.
------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

    Plaintiff Marvel Characters, Inc. ("Marvel") initiated this action on September 24, 2021, against heirs of the comic book author Eugene J. Colan ("Gene Colan"), Nanci Solo and Erik Colan (the "Colan Heirs"). (*See* Complaint ("Compl."), ECF No. 1.) Marvel seeks a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*, declaring that the copyright termination notices the Colan Heirs served on Marvel relating to Gene Colan's work are invalid. (*Id.*) The Colan Heirs, in turn, seek a judgment finding the termination notices to be valid under Section 304 of the Copyright Act, 17 U.S.C. § 304. (*See* Amended Answer and Counterclaim ("Am. Counterclaim"), ECF No. 21.)

Currently before the Court is Marvel's unopposed motion for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d). (*See* Motion for Leave to File First Supplemental Complaint ("Mot. for Leave"), ECF No. 26.) For the reasons set forth below, the Court grants Marvel's motion.[1] Marvel is respectfully directed to file its proposed supplemental complaint by **April 8, 2022**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion. As noted, Marvel commenced this action on September 24, 2021. (*See* Compl., ECF No. 1.) Marvel alleges that between approximately June 22, 2021, and July 2, 2021, the Colan Heirs served three "invalid" notices of termination on Marvel, relating to works "'authored or co-authored' by Gene Colan and published by Marvel between 1967 and 1975." (Compl., ECF No. 1, ¶¶ 1, 16–17; *see also* Notices of Termination, ECF Nos. 1-2, 1-3, 1-4.) The Colan Heirs, on the other hand, claim that the three above-mentioned notices of termination, as well as one additional notice served on September 29, 2021, are valid and effective under the Copyright Act. (*See* Am. Counterclaim, ECF No. 21, ¶ 2; *see also* Notices of Termination, ECF No. 21-1.)[2]

---

[1] Like a motion to amend, the adjudication of a motion for leave to supplement is generally considered a nondispositive pre-trial motion within a magistrate judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A). *See Kraiem v. JonesTrading Institutional Servs. LLC*, No. 19-CV-5160 (ALC) (SDA), 2021 WL 5294066, at *5 n.5 (S.D.N.Y. Nov. 12, 2021); *see also Lubavitch of Old Westbury, Inc. v. Inc. Vill. of Old Westbury, New York*, No. 08-CV-5081 (DRH) (ARL), 2021 WL 4472852, at *8–9 (E.D.N.Y. Sept. 30, 2021).

[2] On January 26, 2022, the Court held an initial conference and entered a discovery schedule aligning with the schedules proposed and/or entered in similar actions pending outside this district. (*See* Report of Rule 26(f) Planning Meeting, ECF No. 18; Jan. 26, 2022 ECF Minute Entry and Order.) As the parties note, there are four other pending actions involving substantially similar claims and sharing the same counsel: (1) *Marvel Characters, Inc. v. Lieber*, No. 21-CV-7955 (LAK) (S.D.N.Y.); (2) *Marvel Characters, Inc. v. Ditko*, No. 21-CV-7957 (LAK) (S.D.N.Y.); (3) *Marvel Characters, Inc. v. Dettwiler*, No. 21-CV-7959 (LAK) (S.D.N.Y.); and

Now, Marvel seeks to file a supplemental complaint addressing a fourth termination notice, which the Colan Heirs served on Marvel five days after the commencement of this action. (*See* Mot. for Leave, ECF No. 26; Memorandum of Points and Authorities ("Mem. in Supp."), ECF No. 26-1; First Supplemental Complaint ("First Suppl. Compl."), ECF No. 26-2; Declaration of Molly M. Lens ("Lens Decl."), ECF No. 26-3; Notice of Termination, ECF No. 26-4.) Notably, the Colan Heirs include allegations regarding the fourth termination notice in their amended counterclaim. (*See* Am. Counterclaim, ECF No. 21, ¶¶ 2, 42.)

For the reasons contained herein, Marvel's motion for leave to file a supplemental complaint is granted.

## DISCUSSION

**I. Legal Standards**

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Kleeberg v. Eber*, 331 F.R.D.

---

(4) *Marvel Characters, Inc. v. Hart-Rico*, No. 21-CV-7624 (DMG) (KES) (C.D. Cal.). (*See* Mar. 18, 2022 Letter, ECF No. 25, at 1; Mar. 25, 2022 Letter, ECF No. 27, at 1.)

At the January 26, 2022 initial conference before this Court, Marvel represented that they were considering moving to transfer this case to the Southern District of New York and/or to consolidate the three pending actions in that district. (*See* Jan. 26, 2022 ECF Minute Entry and Order.) On March 18, 2022, Marvel moved to consolidate the Southern District actions but indicated that they did "not intend to pursue a transfer of this case at this time." (Mar. 18, 2022 Letter, ECF No. 25, at 2.) The Colan Heirs subsequently informed the Court that each defendant in the Southern District actions opposed such consolidation, and that the Colan Heirs "would likewise oppose the transfer and consolidation of this case, which is appropriately venued in this Court." (Mar. 25, 2022 Letter, ECF No. 27, at 1, 2.) On March 25, 2022, the Honorable Lewis A. Kaplan consolidated the three Southern District actions for "all pretrial purposes." *See* Order, *Marvel Characters, Inc. v. Lieber*, No. 21-CV-7955 (LAK) (S.D.N.Y. Mar. 25, 2022), ECF No. 38. (*See also* Mar. 28, 2022 Letter, ECF No. 28, at 1.) Given that no motion for transfer is currently pending in this case, the Court does not address this issue.

3

302, 315 (S.D.N.Y. 2019) ("Rule 15(d) allows a party to supplement its complaint in order to present facts and claims that arose after the operative complaint was filed."); *LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 284 (E.D.N.Y. 2013) (same). "Where the plaintiff seeks to add related claims against the same defendants, the analysis used to determine whether supplementation is appropriate under Rule 15(d) is identical to the analysis used to determine whether amendment is appropriate pursuant to Rule 15(a)." *Kleeberg*, 331 F.R.D. at 315 (citing *Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

"As with Rule 15(a), the decision to grant or deny a Rule 15(d) motion is within the sound discretion of the district court." *LaBarbera*, 971 F. Supp. 2d at 284. In addition, the Second Circuit has held that, like the standard under Rule 15(a), "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, [a Rule 15(d)] motion should be freely granted." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 256 (2d Cir. 2018); *see also Kleeberg*, 331 F.R.D. at 315 ("[C]ourts will grant leave to supplement a pleading so long as the supplemental facts are connected to the original pleading and there is no good reason to deny the request.").

II. **Analysis**

Here, the parties do not dispute that the Colan Heirs served the fourth termination notice on September 29, 2021, after Marvel's filing of the complaint. (*See* Notice of Termination, ECF No. 26-4; Lens Decl., ECF No. 26-3, ¶ 3; Am. Counterclaim, ECF No. 21, ¶¶ 2, 42.) Further, Marvel contends that the notice "is of the same nature and character as the purported termination notices that [the Colan Heirs] previously served," and is already encompassed by the Colan Heirs' counterclaim. (Mem. in Supp., ECF No. 26-1, at 1–2; *see also generally* First Suppl. Compl., ECF No. 26-2; Notices of

4

Termination, ECF No. 21-1.) Therefore, Marvel argues that "it will be more efficient and economical to resolve the validity of all purported termination notices . . . in one action than to try them in separate lawsuits." (Mot. for Leave, ECF No. 26, at 1; *see also* Mem. in Supp., ECF No. 26-1, at 4.)

The Court agrees. As an initial matter, the Colan Heirs do not object to Marvel's filing the supplemental complaint. (*See* Lens Decl., ECF No. 26-3, ¶ 7 ("[C]ounsel for defendants . . . informed me that he would not oppose a motion by [Marvel] to supplement its complaint to include the Additional Purported Termination Notice."); *see also* Mar. 25, 2022 Letter, ECF No. 27 (taking no position as to Marvel's motion).) In addition, the Court finds the allegations contained in Marvel's proposed supplemental complaint to be highly related to the allegations underlying the initial complaint; namely, the Colan Heirs' efforts to terminate Marvel's copyrights. (*Compare* Compl., ECF No. 1, ¶¶ 11–30, *with* First Suppl. Compl., ECF No. 26-2, ¶¶ 4–23.) The clear connection between the two pleadings strongly favors granting Marvel's motion. *See Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) ("Rule 15(d) reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties. To that end, leave to file a supplemental pleading should be freely granted, provided that the supplemental facts connect the supplemental pleading to the original." (quotation marks, citations, and alterations omitted)).

Furthermore, as discussed above, parties should generally be allowed to supplement their pleadings in the absence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility . . . ." *Nat'l Credit Union Admin. Bd.*, 898 F.3d at 256; *see also Kleeberg*, 331 F.R.D. at 315. Here, the Court finds no evidence of such factors weighing against granting Marvel's motion for leave to file. Specifically, the Court notes that the Colan Heirs will suffer no

prejudice if Marvel is permitted to file its supplemental complaint. As Marvel points out, the Colan Heirs' themselves raise the validity of the fourth termination notice as part of their amended counterclaim, and thus are clearly on notice of Marvel's claims. (*See* Mem. in Supp., ECF No. 26-1, at 6 ("[D]efendants' counterclaim already encompasses the new purported termination notice." (emphasis omitted)); *see also* Am. Counterclaim, ECF No. 21, ¶¶ 2, 42; Notices of Termination, ECF No. 21-1.) The Court also notes that discovery in this case is only beginning, and thus Marvel's filing will not unduly delay the litigation. (*See* Mem. in Supp., ECF No. 26-1, at 6; Jan. 26, 2022 ECF Minute Entry and Order (setting discovery schedule).) *See also Cummings-Fowler*, 282 F.R.D. at 297 ("[I]n the absence of any claim . . . to the contrary, it appears to the Court that permitting the Plaintiff to supplement her pleading should not require a substantial amount of additional discovery.").[3]

Accordingly, the Court grants Marvel's unopposed request for leave to file a supplemental complaint. *See Witkowich*, 541 F. Supp. 2d at 590 (granting leave to file supplemental pleadings where new allegations involve the same subject matter, many of the same people, and took place shortly after the events that were the subject of the litigation).

\* \* \* \* \*

---

[3] In addition, the Court notes that Marvel's motion comes prior to the April 8, 2022 deadline to amend the pleadings set forth in the discovery schedule. (*See* Jan. 26, 2022 ECF Minute Entry and Order.)

## CONCLUSION

For the reasons discussed above, Marvel's unopposed motion for leave to file a first supplemental complaint (ECF No. 26) is granted. Marvel is respectfully directed to file the proposed first supplemental complaint by **April 8, 2022**.

**SO ORDERED.**

Dated: Brooklyn, New York
April 1, 2022

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE