

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number:

December 2, 2022

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

The Honorable Nina R. Morrison
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Marvel Characters, Inc. v. Solo et al.*, No. 1:21-cv-05316-NM-TAM

Dear Judge Morrison:

Pursuant to this Court's November 28, 2022 Order, Plaintiff Marvel Characters, Inc. ("MCI") respectfully submits the attached Local Rule 56.1 statement for MCI's anticipated motion for summary judgment on Defendants Nanci Solo and Erik Colan's ("Defendants") lack of standing to exercise the purported copyright termination interest of deceased artist Eugene "Gene" Colan pursuant to Section 304 of the Copyright Act.

MCI's November 11 pre-motion letter details the facts relevant to its anticipated motion. *See* Dkt. 43 at 1-4. And Defendants' November 25 response confirms that those facts are undisputed. *See* Dkt. 44. Specifically, the parties *agree* that Gene Colan had four biological children—Defendants Nanci Solo and Erik Colan, Jill Kubicki, and the late Valerie Waldman— and that Valerie is survived by her daughter Rachel. *See* Dkt. 43 at 2-3; Dkt. 44 at 3; Dkt. 44-2 at 2; Dkt. 36 at 2, 4; MCI's L.R. 56.1 Stmt. of Material Facts.[1]

Therefore, the parties' dispute is limited to a discrete legal issue—whether Gene Colan's children from his first marriage are his children for purposes of Section 304. If so, as MCI contends, then Defendants hold only a 50% interest in any termination rights of Gene Colan and thus lack the requisite majority interest to effect a termination under Section 304, thereby rendering invalid their termination notices for lack of standing. *See* 17 U.S.C. § 304(c)(l) ("termination of the grant may be effected . . . by the person or persons who . . . own and are entitled to exercise a total of *more than one-half* of that author's termination interest") (emphasis added). If not, as Defendants contend, then Defendants own the entire interest in any termination rights of Gene Colan and have standing.

Because MCI's forthcoming motion for summary judgment will explain why Defendants lack standing under binding Second Circuit precedent, MCI does not address the merits here. *See* Nov. 28, 2022 Order (providing that the parties need not file new letters). That said, MCI is compelled to briefly address Defendants' procedural claim that MCI's anticipated motion is "moot" in light of the purported "alternate notice[s] of termination" served on November 15, 2022, on behalf of Defendants and Gene Colan's "biological grandchild" Rachel Waldman (the

---

[1] In accordance with this Court's November 28, 2022 Order, MCI has included all original attachments to its pre-motion letter with its Rule 56.1 statement.



"Alternate Notices"). *See* Dkt. 44 at 3. As the Alternate Notices themselves confirm, Defendants refuse to withdraw the original notices of termination that they alone served (the "Original Notices"), taking the position that the purported alternate notices apply *only* "in the event that the prior notice[s] [are] deemed ineffective." *See* Dkt. 44-3 at 2 n.1, 9 n.1, 14 n.1, 20 n.1. Thus, MCI's motion—which seeks a judicial determination that the Original Notices are "ineffective" because Defendants possess no more than half of Gene Colan's purported termination interest—is plainly not moot, but rather is necessary to determine whether the Original Notices (*i.e.*, the only notices currently at issue in the pending litigation) fail for lack of standing.[2]

Accordingly, MCI respectfully reiterates its prior request to file a motion for summary judgment on the dispositive legal issue of Defendants' lack of standing to exercise Gene Colan's purported termination interest.[3]

Respectfully submitted,


By:  */s/ Daniel M. Petrocelli*

Daniel M. Petrocelli
of O'Melveny & Myers LLP
*for plaintiff and counterclaim-defendant Marvel Characters, Inc.*

---

[2] MCI's motion would be mooted only if Defendants were to formally withdraw the Original Notices—something they have declined to do.

[3] In the event its standing motion is denied, MCI will seek summary judgement with respect to the Original Notices—or the Alternate Notices should they become at issue in this case—on the ground that no termination rights exist because all the works in both sets of termination notices are works made for hire. *See Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) ("[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions.").