EXHIBIT 6

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>                    Plaintiff,<br>      v.<br><br>NANCI SOLO and ERIK COLAN,<br><br>                    Defendants. | Case No.: 1:21-cv-05316-DG-TAM<br><br>Hon. Diane Gujarati |
| NANCI SOLO and ERIK COLAN,<br><br>                    Counterclaimants,<br>      v.<br><br>MARVEL CHARACTERS, INC. and DOES 1-<br>10, inclusive,<br><br>                    Counterclaim-Defendants. | **DEFENDANT SOLO'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO NANCI SOLO** |



EXHIBIT

57

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Nanci Solo ("Defendant") hereby submits these Objections and Responses ("Responses") to Plaintiff Marvel Characters, Inc.'s ("Marvel") Requests for Admission ("Requests").

## PRELIMINARY STATEMENT

Defendant's Responses are based on the information reasonably and currently known to Defendant. Given that discovery is ongoing, Defendant reserves all rights to supplement these Responses as more information becomes available.

Nothing in these Responses is or shall be construed as an implied or incidental admission of any fact, event, circumstance, claim, or defense and no incidental or implied admissions are intended by Defendant's Responses to the Requests. The supplying of any fact does not constitute an admission by Defendant that such fact is relevant or admissible. By these Responses, Defendant does not intend to waive, and does not waive, any objection at trial to the admission into evidence of these Responses, in whole or in part, or the documents produced in connection with them. Rather, Defendant intends to preserve, and does preserve, all objections to the admission into evidence of these Responses, in whole or in part, and the documents produced in connection with them, including, without limitation, objections based on relevance, foundation, authority, or privilege, as well as any and all objections based on the Federal Rules of Evidence or otherwise.

The Responses set forth herein are based on information now available to Defendant. Discovery is ongoing, and Defendant reserves the right to amend, modify, supplement, or alter these Responses as warranted by subsequently discovered information, and also to rely upon subsequently discovered information or information omitted from these Responses due to mistake, error, or inadvertence. Defendant's Responses to the Requests are made without prejudice to her right to provide supplemental responses and objections.

## GENERAL OBJECTIONS

Defendant objects to the Requests on each of the following grounds, and incorporates by

reference each of the following objections in the Response to each individual Request within it:

1.     Defendant objects to the Requests to the extent they seek information transmitted and maintained in confidence between Defendant and any person or entity in Defendant's counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege;

2.     Defendant objects to the Requests to the extent they seek information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Defendant or any other person or entity, on the ground that such information is protected for disclosure by the attorney work product privilege;

3.     Defendant objects to the Requests to the extent they seek information which is not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure; and

4.     Defendant objects to the Requests to the extent they impose any obligation beyond those set forth in Rule 36 of the Federal Rules of Civil Procedure including, without limitation, the assertion that the Requests are "continuing" and all purported instructions included therein pertaining to the content of Defendant's written response.

Each of the responses below incorporates by reference the foregoing objections, qualifications, and limitations. Without waiving any of these objections, qualifications, and limitations, Defendant responds as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR ADMISSION NO. 1**

Admit that Jill Kubicki is a biological child of Gene Colan and Sallee Greenberg.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry,

the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 2**

Admit that Valerie Waldman is a biological child of Gene Colan and Sallee Greenberg.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry, the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 3**

Admit that Norman Brust adopted Jill Kubicki and Valerie Waldman in and pursuant to the laws of the State of New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry, the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 4**

Admit that when Norman Brust adopted Jill Kubicki and Valerie Waldman, he was married to Sallee Greenberg.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry, the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 5**

Admit that Gene Colan passed away on or about June 23, 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Admitted.

**REQUEST FOR ADMISSION NO. 6**

Admit that at the time of his death Gene Colan was a domiciliary of the State of New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Admitted.

**REQUEST FOR ADMISSION NO. 7**

Admit that Gene Colan had four biological children.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry, the information that Defendant knows or can readily obtain is insufficient to enable Defendant to fully admit or deny this Request. Notwithstanding the above, Defendant admits that Gene Colan had two biological children, Defendants Erik Colan and Nanci Solo. As to the remainder of the Request, denied.

**REQUEST FOR ADMISSION NO. 8**

Admit that Erik Colan is a biological child of Gene Colan and Adrienne Brickman.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Admitted that Defendant Erik Colan is the biological child of Gene Colan and Adrienne Colan.

**REQUEST FOR ADMISSION NO. 9**

Admit that You are a biological child of Gene Colan and Adrienne Brickman.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Admitted that Nanci Solo is a biological child of Gene Colan and Adrienne Colan.

**REQUEST FOR ADMISSION NO. 10**

Admit that Rachel Waldman is alive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Admitted.

**REQUEST FOR ADMISSION NO. 11**

Admit that Jill Kubicki is alive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Admitted.

**REQUEST FOR ADMISSION NO. 12**

Admit that Rachel Waldman is a biological child of Valerie Waldman.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry, the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 13**

Admit that Valerie Waldman passed away on or about January 13, 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry, the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 14**

Admit that Valerie Waldman was survived by her husband, John W. Waldman, and her daughter, Rachel Waldman.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Defendant does not currently possess any documents that address this subject and such information is not within the present knowledge of Defendant's agents. After reasonable inquiry,

the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 15**

Admit that you are not aware of any instance in which Marvel did not pay Gene Colan for any of his contributions to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Defendant objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 16**

Admit that Gene Colan did not contribute to the Works until Marvel and/or Stan Lee assigned the project, task, and/or work to him.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the undefined term "assigned." Defendant further objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee" and "project, task, and/or work," again because such conjunctions make the Request compound, overbroad, vague, and ambiguous. Defendant further objects to this Request insofar as it is argumentative, and assumes and/or mischaracterizes purported facts, specifically, the relationship between Marvel, Stan Lee, and Gene Colan, who was not "assigned" projects, tasks, or work because Marvel had no demonstrable legal right to tell Gene Colan what to do. On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 17**

Admit that Marvel and/or Stan Lee had editorial control over Gene Colan's contributions to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the undefined phrase "editorial control." Defendant further objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee," again because such a conjunction makes the Request compound, overbroad, vague, and ambiguous. On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 18**

Admit that Marvel and/or Stan Lee exercised editorial control over Gene Colan's contributions to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the undefined phrase "editorial control." Defendant further objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee," again because such a conjunction makes the Request compound, overbroad, vague, and ambiguous. On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 19**

Admit that Marvel and/or Stan Lee participated in the creation of the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the undefined phrase "participated in." Defendant further objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee," again because such a conjunction makes the Request compound, overbroad, vague, and ambiguous. On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 20**

Admit that Gene Colan was paid a per-page-rate for his contribution to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**

Defendant objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects to this Request as it is vague as drafted as, logically, one cannot be "paid a per-page rate." Without waiving the foregoing, Defendant admits that Marvel did not purchase and pay Gene Colan for those pages of his artwork that Marvel chose to reject or wanted redrawn in Marvel's sole discretion. Marvel only paid for the final freelance work it accepted and purchased for publication in its sole discretion and did not pay for rejected material or material it wanted Gene Colan to revise. As to the remainder of the Request, denied.

**REQUEST FOR ADMISSION NO. 21**

Admit that you do not contend that Gene Colan was the sole-author of any of the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**

Defendant objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects to this Request because it seeks admission as to authorship, which is a question of law and requires a legal conclusion. Without waiving the foregoing, after reasonable inquiry, the information that Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny this Request, and on these bases the Request is denied.

**REQUEST FOR ADMISSION NO. 22**

Admit that you do not have any contemporaneous written Agreements between Marvel and Gene Colan related to any of the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**

Defendant objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Defendant further objects that "written Agreements" is compound, given that "Agreement" includes both "express" and "implied" agreements. Defendant further objects on the grounds that Marvel's use of the term "contemporaneous" renders the Request vague, ambiguous and imprecise. On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 23**

Admit that Marvel and/or Stan Lee induced Gene Colan to provide the creative expression in the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the undefined term "induced." Defendant further objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission

is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee," again because such a conjunction makes the Request compound, overbroad, vague, and ambiguous. Additionally, Defendant objects on the grounds that Marvel's use of the phrase "to provide *the* creative expression" (emphasis added) renders the Request vague and ambiguous as to what exactly it is referring to. On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 24**

Admit that Marvel and/or Stan Lee provided the impetus for Gene Colan's contributions to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the undefined term "impetus." Defendant further objects to this Request on the

ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound, overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee," again because such a conjunction makes the Request compound, vague, and ambiguous. On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 25**

Admit that Marvel and/or Stan Lee provided Gene Colan with an oral and/or written plot, synopsis, or other similar instruction for the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**

Defendant objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound,

overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee" and "oral and/or written plot, synopsis, or other similar instruction," again because such conjunctions make the Request compound, overbroad, vague, and ambiguous. Defendant further objects to this Request insofar as it is argumentative, and assumes and/or mischaracterizes purported facts, including that its characterization of items as "instructions," because Marvel and/or Stan Lee had no legal right to "instruct" Gene Colan.  On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 26**

Admit that Marvel and/or Stan Lee had the right and/or power to accept, reject, or modify Gene Colan's contributions to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**

Defendant objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound,

overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc. "and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related or predecessor" entities, many of which were not identified, makes its Request vague and ambiguous. Further, Defendant objects that "Marvel" is defined using the grammatical conjunction "and/or" and the vague "where applicable," further making this Request vague, ambiguous, and overbroad. Defendant does not know whether Marvel intends to ask about one "Marvel" entity, some, or all of them or "where" its reference to its "present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee" and "right and/or power to accept, reject, or modify," again because such conjunctions make the Request compound, overbroad, vague, and ambiguous. Further still, the terms "right" and "power" are undefined, and their meaning unclear. To the extent "right" means a "legal right," Defendant objects on the ground that this Request seeks an admission of a question of law or for a legal conclusion. On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 27**

Admit that Marvel and/or Stan Lee had the right to direct and supervise the manner in which Gene Colan carried out his services with respect to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**

Defendant objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2), given that "Works" is defined as dozens of "comic book[s], character[s], stor[ies], illustration[s], or other narrative or graphic work[s]." Defendant further objects that the Request is compound,

overbroad, and unduly burdensome given that "Marvel" is defined as Marvel Characters, Inc.
"and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries
Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics
Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp.,
Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their
present and former officers, directors, employees, agents, partners, subsidiaries, members, and
affiliates." Defendant further objects on the grounds that Marvel's non-exhaustive list of "related
or predecessor" entities, many of which were not identified, makes its Request vague and
ambiguous. Defendant does not know whether Marvel intends to ask about one "Marvel" entity,
some, or all of them or "where" its reference to its "present and former officers, directors,
employees, agents, partners, subsidiaries, members, and affiliates" is "applicable." Further
responding, Defendant objects to the use of the conjoined "Marvel and/or Stan Lee" and "direct
and supervise," again because such conjunctions make the Request compound, overbroad, vague,
and ambiguous. Defendant also objects that the Request's use of the phrase "the manner in
which" renders the Request vague and ambiguous as to what exactly the Request refers to.
Further still, the term "right" is undefined, and its meaning unclear. To the extent "right" means
a "legal right," Defendant objects on the ground that this Request seeks an admission of a
question of law or for Defendant to make a legal conclusion. Defendant further objects to this
Request insofar as it is argumentative, and assumes and/or mischaracterizes purported facts,
specifically that Gene Colan "carried out [] services." On these bases, the Request is denied.

**REQUEST FOR ADMISSION NO. 28**

Admit that Gene Colan did not work "on spec" as that term is used in *Marvel Worldwide,
Inc. v. Kirby*, 777 F. Supp. 2d 720, 739 (S.D.N.Y. 2011).

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the
meaning of the undefined term "on spec." Defendant further objects to this Request on the
ground that it is improper and unduly burdensome in that it incorporates documents by reference

and cannot be admitted or denied by reference only to statements made in the Request. The Request is further vague, ambiguous, and overbroad given that it did not define any specific Work, period of time, or publisher. Gene Colan actively produced works for more than sixty years and sold to multiple different publishers. On these bases, the Request is denied.


Date: October 11, 2022            By: _____ /s/ Marc Toberoff _____
                                           Marc Toberoff
                                  TOBEROFF & ASSOCIATES, P.C.
                                  mtoberoff@toberoffandassociates.com
                                  23823 Malibu Road, Suite 50-363
                                  Malibu, CA 90265
                                  Tel: (310) 246-3333; Fax: (310) 246-3101

                                  Attorneys for Defendants and Counterclaim
                                  Plaintiffs Erik Colan and Nanci Solo

## PROOF OF SERVICE

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On October 11, 2022, I caused the following document:

**DEFENDANT SOLO'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO NANCI SOLO**

to be served as follows:

[ ]     **BY ELECTRONIC MAIL -** I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]     **BY MAIL –** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On October 11, 2022, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067

Allen W. Burton
aburton@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036

Matthew Kaiser
mkaiser@omm.com
O'MELVENY & MYERS, LLP
400 South Hope St., 18th Floor
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the United States that the above is true

and correct. Executed on October 11, 2022, at Malibu, California.

*/s/ Jaymie Parkkinen*
Jaymie Parkkinen