# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>NANCI SOLO, ERIK COLAN, and RACHEL WALDMAN,<br><br>        Defendants. | Civil Action No. 1:21-cv-05316-NRM-TAM<br><br>Hon. Nina Morrison<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** |
| NANCI SOLO and ERIK COLAN,<br><br>        Counterclaimants,<br><br>   v.<br><br>MARVEL CHARACTERS, INC. and DOES 1-10, inclusive,<br><br>        Counterclaim-Defendants. | |

Plaintiff Marvel Characters, Inc. ("MCI"), for its amended complaint against defendants Nanci Solo, Erik Colan, and Rachel Waldman, alleges as follows:[*]

## NATURE OF THE ACTION

1. Over its long history, MCI and its predecessors in interest (individually and collectively, "Marvel") have engaged numerous writers and artists to contribute to Marvel's comics. Eugene J. Colan ("Gene Colan"), who started working for Marvel in or around 1946, is one such artist. Marvel assigned Gene Colan stories to illustrate, had the right to exercise creative control over his contributions, and paid him a per-page rate for his contributions. As a

---

[*] Per this Court's February 7, 2023 Order, MCI amends its prior pleadings to include allegations regarding Defendants' service of their "alternate" notices of termination. For simplicity, in so doing, MCI further consolidates its initial complaint, Dkt. 1, and its supplemental complaint, Dkt. 30, into this First Amended Complaint.

result, any contributions Gene Colan made were at Marvel's instance and expense, rendering his contributions work made for hire, to which the Copyright Act's termination provisions do not apply. Nevertheless, defendants Nanci Solo, Erik Colan, and Rachel Waldman, as heirs of Gene Colan, have served termination notices purportedly issued under that Act, in an invalid attempt to acquire certain rights to iconic Marvel comic book characters and stories published between 1967 and 1975.

2. In virtually identical circumstances, the Southern District of New York, as affirmed by the Second Circuit, granted Marvel summary judgment, finding that all of illustrator Jack Kirby's contributions between 1958 and 1963 were done at Marvel's instance and expense and thus were works made for hire. Because termination rights do not exist for works made for hire, the Kirby heirs' termination notices were held to be invalid and of no legal force or effect. *See Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720 (S.D.N.Y. 2011), *aff'd in relevant part*, 726 F.3d 119 (2d Cir. 2013).

3. Similarly, the District Court for the District of Delaware held in *In re Marvel Entertainment Grp.*, 254 B.R. 817 (D. Del. 2000), that an artist's contributions to many of the very same works that are at issue here were works made for hire. There, the writer who worked on these comics claimed that he owned many of the characters at issue in Marvel's bankruptcy proceedings. The district court rejected that claim, holding that all of the writer's work was at Marvel's instance and expense and was thus work made for hire.

4. *Kirby* and *In re Marvel Entertainment* dictate that the termination notices here are invalid. As with the artists in those cases, Marvel had the right to exercise creative control over Gene Colan's contributions and paid him a per-page rate for his work. As with the artists in those cases, when Gene Colan worked for Marvel, he did so with the expectation that Marvel

would pay him. And as with the artists in those cases, Gene Colan never held the copyright in the famous Marvel characters and comics on which he worked; rather, Marvel does, as evidenced by the relevant copyright registration notices themselves. Marvel thus brings this declaratory relief action, pursuant to 28 U.S.C. § 2201, in response to defendants' improper attempt to acquire Marvel's intellectual property.

## PARTIES

5. MCI is a Delaware corporation with its principal place of business in Burbank, California. MCI owns the intellectual property contained in the comic books and characters at issue.

6. Upon information and belief, Nanci Solo is the daughter of Gene Colan.

7. Upon information and belief, Erik Colan is the son of Gene Colan.

8. Upon information and belief, Rachel Waldman is the granddaughter of Gene Colan, through her late mother Valerie Waldman.

## JURISDICTION AND VENUE

9. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, *et seq.*, and under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Upon information and belief, this Court has personal jurisdiction over defendants Nanci Solo and Erik Colan because they are both domiciled in Brooklyn, New York, and personal jurisdiction over Rachel Waldman by consent.

11. Upon information and belief, venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this District or, in the alternative, because Nanci Solo, Erik Colan, and Rachel Waldman are subject to the Court's personal jurisdiction in

this District.

## ALLEGATIONS

12. At all relevant times, Gene Colan was engaged as a comic book artist by Marvel in New York, New York to contribute to various comic books (the "Works").

13. Any contributions Gene Colan made were at Marvel's instance and expense.

14. Marvel editorial staff had the right to exercise creative control over Gene Colan's contributions, and Marvel paid Gene Colan a per-page rate for his contributions. When Gene Colan worked for Marvel, he did so with the expectation that Marvel would pay him.

15. Gene Colan did not obtain any ownership interest in or to any contributions he made.

16. Marvel registered copyrights in and to the Works, which are copyrightable subject matter under the copyright laws of the United States. The Register of Copyrights recorded the registrations, as set forth in Exhibit 1 to this complaint. Marvel has complied in all relevant respects with all laws governing copyright.

17. Gene Colan died on June 23, 2011. He was survived by his four children: Nanci Solo, Erik Colan, Valerie Waldman, and Jill Kubicki. Valerie Waldman subsequently died in 2014, survived by her daughter Rachel Waldman. Gene Colan's other three children are still living.

18. Between approximately June 22 and September 29, 2021, Nanci Solo and Erik Colan served four notices of termination on Marvel (the "Original Notices"). In the Original Notices, Nanci Solo and Erik Colan claim to have a sufficient interest in the Works to exercise purported rights of termination under the termination provisions of the Copyright Act, 17 U.S.C. § 304(c), and the regulations thereunder. They premise this claim on their status as Gene

Colan's "surviving children."

19.     The Original Notices specifically seek to "terminate all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to" certain "illustrated comic book stor[ies]" that were allegedly "authored or co-authored" by Gene Colan and published by Marvel between 1967 and 1975.  The Original Notices specify various effective termination dates, ranging from October 11, 2023 to June 11, 2031.

20.     The comic book titles identified in the Original Notices include *Tomb of Dracula*, *Captain America*, and *Marvel Super-Heroes*.  The Original Notices purportedly terminate alleged grants of copyright interests in all characters, story elements, and "indicia" in the comic books, as well as "all material" allegedly "authored or co-authored by Eugene J. Colan (in any and all medium(s), whenever created) that was reasonably associated with" these works and "registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the" purported "effective date of this Notice of Termination."

21.     True and correct copies of the Original Notices are attached hereto as Exhibits 2 through 5.

22.     On or about November 15, 2022—after MCI challenged whether Nanci Solo and Erik Colan had standing to assert any purported termination right—Nanci Solo, Erik Colan, and Rachel Waldman jointly served four alternate notices of termination on Marvel that covered the same works as the Original Notices (the "Alternate Notices").  These Alternate Notices purport to be "served out of an abundance of caution in the event that the prior notice[s] [are] deemed ineffective."

23.     In the Alternate Notices, Nanci Solo, Erik Colan, and Rachel Waldman together

claim to have a sufficient interest in the Works to exercise purported rights of termination under the termination provisions of the Copyright Act, 17 U.S.C. § 304(c), and the regulations thereunder. They premise this claim on their status as, respectively, two of Gene Colan's four biological children, and Gene Colan's biological granddaughter via his deceased daughter.

24. The Alternate Notices specifically seek to "terminate all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to" certain "illustrated comic book stor[ies]" that were allegedly "authored or co-authored" by Gene Colan and published by Marvel between 1967 and 1975. The Alternate Notices specify various effective termination dates, ranging from November 16, 2024 to June 11, 2031, meaning that the purported effective termination dates are later in the Alternate Notices for certain Works than the dates in the Original Notices.

25. The comic book titles identified in the Alternate Notices include *Tomb of Dracula*, *Captain America*, and *Marvel Super-Heroes*. The Alternate Notices purportedly terminate alleged grants of copyright interests in all characters, story elements, and "indicia" in the comic books, as well as "all material" allegedly "authored or co-authored by Eugene J. Colan (in any and all medium(s), whenever created) that was reasonably associated with" these works and "registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the" purported "effective date of this Notice of Termination."

26. True and correct copies of the Alternate Notices are attached hereto as Exhibits 6 through 9.

## COUNT I: ACTION FOR DECLARATORY RELIEF
### [As to the Validity of All Notices]

27. Marvel repeats and realleges each allegation contained in paragraphs 1 through 26

of this complaint as if fully set forth herein.

28. Nanci Solo, Erik Colan, and Rachel Waldman have served Marvel with termination notices as described above. On information and belief, they submitted the notices for recordation with the U.S. Copyright Office.

29. The Original Notices are invalid as a matter of law because Nanci Solo and Erik Colan lack the requisite majority interest to exercise any purported termination right of Gene Colan's, as each child holds no greater than one-quarter of any such interest. *See* 17 U.S.C. § 304(c)(1)-(2).

30. The Original Notices and the Alternate Notices are also invalid as a matter of law because the Works were created as works made for hire, and there are no termination rights for works made for hire. *See* 17 U.S.C. § 304(c).

31. The Works were made for hire because they were created at Marvel's instance and expense.

32. Any contributions Gene Colan made to the Works were done at the instance of Marvel's editorial staff, who had the right to exercise creative control over Gene Colan's contributions.

33. Any contributions Gene Colan made to the Works were done at Marvel's expense because Marvel paid Gene Colan a per-page rate for his contributions, Gene Colan made those contributions to the Works with the expectation that Marvel would pay him, and Gene Colan did not obtain any ownership interest in or to his contributions.

34. Marvel has a real and reasonable apprehension of litigation over any claim by Nanci Solo, Erik Colan, and Rachel Waldman that Marvel's exploitation of the Works after the alleged termination dates infringes their purported rights.

35.     There now exists between the parties an actual and justiciable controversy concerning the validity of the termination notices and the respective rights of Marvel, on the one hand, and Nanci Solo, Erik Colan, and Rachel Waldman, on the other.

36.     A declaration is necessary and appropriate at this time in light of the purported effective termination dates and the ongoing exploitation of the Works and the development of new works derivative of the Works.

37.     Marvel has no adequate remedy at law.

38.     Accordingly, Marvel seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that the notices are invalid and therefore that Marvel will not lose its copyright interests in the Works on the alleged termination dates.

## PRAYER FOR RELIEF

WHEREFORE, Marvel prays for a judgment against Nanci Solo, Erik Colan, and Rachel Waldman as follows:

A.     For a declaration that the termination notices are invalid;

B.     For Marvel's attorneys' fees and costs incurred; and

C.     For such other and further relief as the Court deems just and equitable.

Dated:  February 21, 2023            Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Molly M. Lens*
Molly M. Lens

Daniel M. Petrocelli*
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Matthew Kaiser*
mkaiser@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Allen Burton
aburton@omm.com
Danielle Feuer*
dfeuer@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

* Admitted pro hac vice

*Attorneys for Plaintiff Marvel Characters, Inc.*