```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF NEW YORK

------------------------------X Docket#
MARVEL CHARACTERS, INC.,       : 21-cv-05316(DG)(TAM)
                               :
                Plaintiff,     :
                               :
     - versus -                : U.S. Courthouse
                               : Brooklyn, New York
NANCI SOLO, ET AL.,            :
                               : March 2, 2023
                Defendants     :
------------------------------X
        TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE TARYN A. MERKL
              UNITED STATES MAGISTRATE JUDGE
```

**A  P  P  E  A  R  A  N  C  E  S:**
**(VIA VIDEO/AUDIO)**


For the Plaintiff:        **Molly Manning Lens, Esq.**
                            **Daniel M. Petrocelli, Esq.**
                            **Danielle Feuer, Esq.**
                            O'Melveny & Meyers LLP
                            1999 Avenue of the Stars
                            Los Angeles, CA 90067


For the Defendant:        **Marc Toberoff, Esq.**
                            **Jaymie Parkkinen, Esq.**
                            Toberoff & Associates, P.C.
                            23823 Malibu Road, Ste. 50-363
                            Malibu, CA 90256


Transcription Service:    **Transcriptions Plus II, Inc.**
                            61 Beatrice Avenue
                            West Islip, New York 11795
                            RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording, transcript produced by transcription service

2

Proceedings

1      THE CLERK:  This is Civil Cause for a status

2   conference, docket 21-cv-5316, *Marvel Characters, Inc. v.*

3   *Solo, et al*.

4           Before asking the parties to state their

5   appearance, I would like to note the following.  Persons

6   granted remote access to proceedings are reminded of the

7   general prohibition against photographing, recording, and

8   re-broadcasting of court proceedings.  Violation of these

9   prohibitions may result in sanctions including removal of

10  court-issued media credentials, restricted entry to

11  future hearings, denial of entry to future hearings, or

12  any other sanctions deemed necessary by the Court.

13          Will the parties please state their appearances

14  for the record starting with the plaintiff?

15          MS. LENS:  Good morning.  Molly Lens with

16  O'Melveny & Myers on behalf of the plaintiff, Marvel

17  Characters, Inc.  With me is my partner, Daniel

18  Petrocelli and colleague Danielle Feuer is also on the

19  line.

20          THE COURT:  Good afternoon to all of you.

21          MR. TOBEROFF:  Good morning.  Or I should say

22  good afternoon.  Marc Toberoff on behalf of the

23  defendants Nanci Solo, Erik Colan, and recently Rachel

24  Waldman.

25          THE COURT:  Good afternoon to you as well.  Mr.

3

Proceedings

1    Toberoff, are you flying solo today?

2         MR. TOBEROFF:  I'm here with my colleague

3    Jaymie Parkkinen who's listening in.

4         THE COURT:  Okay.  Just wanted to put anybody

5    who's here on the record.

6         All right.  So we're here on what I think

7    hopefully is a relatively narrow issue.  Specifically,

8    you know, there's been a request for an extension of time

9    to complete discovery and that's obviously been opposed

10   by Marvel.

11        So it is your motion, Mr. Toberoff.  So can you

12   give me a sense with precision, sir, of what you actually

13   would like to accomplish?  What additional discovery you

14   think is needed here?

15        MR. TOBEROFF:  So firstly, Marvel naturally

16   wants to take Rachel Waldman's deposition.  I'll refer to

17   her as Rachel.  And Rachel wants to be able to take

18   Marvel's deposition which has not yet been taken in the

19   case.

20        In addition to that, Rachel wants the

21   opportunity to engage in discovery.  She does not believe

22   it's fair penalizing her for offering to join this case

23   to get this matter resolved more efficiently.  It's

24   natural for her to be a part of this case.  There could

25   have been a separate action in which she would have a

4

Proceedings

1   normal period of time to take discovery and it was

2   decided that it's more efficient to make the second

3   notice and make her a party to this case.  And for doing

4   that, we don't believe it's fair to penalize her.

5          Also, she should not be penalized because she

6   has chosen to use the same attorney, namely me.  A party

7   has a right to counsel of her choice.  And by not

8   permitting her to take normal discovery simply because

9   her counsel had taken discovery on behalf of other

10  parties injects a conflict essentially, you know,

11  depriving her of her counsel of choice because she would

12  be better off having different counsel if the reason for

13  depriving of her discovery is simply because her counsel

14  had the opportunity to take discovery on behalf of

15  different parties.

16         And I point out that Marvel never addressed any

17  of these due process concerns or procedural due process

18  concerns regarding Rachel, regarding the fact that Rachel

19  should have the opportunity to participate and shape

20  discovery.

21         THE COURT:  So these are very nice concepts but

22  you haven't answered my question which is what does she

23  want to do specifically?

24         MR. TOBEROFF:  You're correct, I didn't go into

25  length, but I did mention that she wants to take Marvel's

5

Proceedings

1  deposition.

2          THE COURT:  Okay.  That's one thing.

3          MR. TOBEROFF:  And in addition, she wants to be

4  able to take some discovery of Marvel in this case and

5  not simply rely on the discovery that was taken

6  previously.  She has her own idea about this and about

7  what areas should be pressed upon in discovery.

8          For example, forcing Marvel to produce the

9  cases that involve creators again before, and there have

10  been four or five prior cases where Marvel has not

11  produced the interrogatories, the responses to requests

12  for admission, the documents that are relevant to this

13  case that came in those cases that have been specifically

14  requested.  Those are documents that Marvel would

15  absolutely have either by virtue of their attorneys,

16  usually large law firms having those documents, and

17  therefore, those documents are within their control or

18  they themselves having kept those documents as most of

19  those cases are not too long ago and they have not --

20  they've produced some of those documents but they haven't

21  produced things like responses to interrogatories,

22  responses to requests for admission.  And she would press

23  for that production.

24          And there are other areas where the discovery

25  she believes has been deficient and I can list more of

6

Proceedings

1   those areas if you'd like.

2          THE COURT:  Go ahead.

3          MR. TOBEROFF:  So for instance, a lot of this,

4   a lot of the defenses, a lot of Marvel's argument with

5   respect to the termination notices and work for hire

6   turns on the activity of Stan Lee and the testimony of

7   Stan Lee in a prior case involving Jack Kirby that was in

8   2010 when Stan Lee was alive.  And Stan Lee was extremely

9   loquacious and give all sorts of interviews, write

10  letters, publish things in Marvel Comics.  And they've

11  produced very little of Stan Lee's communications and

12  Rachel Waldman would like to press for those

13  communications because she believes they would be in

14  Marvel's possession and they have not by and large been

15  produced.  Very few of those documents have been

16  produced.

17         THE COURT:  Did you ask for them in the prior

18  request for production?

19         MR. TOBEROFF:  Yes, we did very specifically

20  and --

21         THE COURT:  And why do you think that they're

22  suddenly going to appear because Ms. Waldman is involved?

23         MR. TOBEROFF:  Because choices were made.  In

24  other words, because these are individuals, they

25  shouldn't be viewed any differently than if they were

7

Proceedings

1    general counsel of a company.  If the plaintiffs report

2    to the general counsel of Marvel and in a case there are

3    decisions to be made not solely by an attorney but the

4    attorney and the client and decisions what to press for,

5    what not to press for, we on our side, our resources are

6    not unlimited so there are choices that have to be made

7    how to use those resources and what to focus on and those

8    choices are made in consultation with our client and

9    different clients have different views on that.

10              And she has her own views and she wants the

11   opportunity to take discovery to make those choices of

12   what areas should be focused on more and pressed on

13   including, you know, potentially fashioning different

14   requests, more narrow requests, and being able to move to

15   compel in certain areas.

16              THE COURT:  Okay.  Who's taking the lead for

17   Marvel today?

18              MS. LENS:  I am, your Honor.  Molly Lens.

19              THE COURT:  All right.  Ms. Lens, would you

20   like to be heard?

21              MS. LENS:  I would, your Honor.  I think that

22   you started by asking precisely the right question which

23   is asking defense counsel to identify with precision what

24   exactly the discovery that he seeks to take in this

25   requested additional six months.  And that question I

8

Proceedings

1  think provides us and the Court with two independent

2  grounds on which to deny defendant's request to extend

3  discovery by six months.

4          The first of those independent bases is the

5  fact that Judge Morrison has already ordered the

6  defendants, to the extent that they sought to open,

7  reopen, or keep open or extend the discovery period,

8  Judge Morrison's minute order which we attached to our

9  opposition required the defendants to present their

10 discovery applications along with the request to extend

11 the discovery schedule.  And as per the guidance that she

12 provided at the February 7 hearing as well, she explained

13 that they should not move to simply reopen discovery but

14 rather needed to identify with some particularity what

15 discovery they sought.

16         She then reminded them of that obligation

17 during the parties' ensuing meet and confer discussions

18 but they refused to comply with those directives and

19 moved forward with just an omnibus unspecified request.

20 And so therefore, Marvel would respectfully submit that

21 given their failure to identify with the -- excuse me,

22 given their failure to comply with the judge's orders and

23 instructions, the motion could be denied on that basis

24 alone.

25         But more importantly perhaps is that they

9

Proceedings

1  cannot identify with precision any discovery that they

2  actually need or that Ms. Waldman purportedly needs.

3  Rather this is simply a request by the defendants to

4  reopen discovery.

5        Indeed, we heard when pressed defense counsel

6  provided only examples of either discovery that actually

7  had been sought from Marvel.  For example, the documents

8  relating to Stan Lee, the documents relating to a prior

9  litigation that Marvel has participated in.  That is all

10 discovery that has been actually propounded not only in

11 this case but across the four other pending cases that

12 are being litigated by Mr. Toberoff across the country.

13       And similarly, the deposition of Marvel is

14 something that surely the defendants were in a position

15 to take.  We've been in discovery for some 18 months in

16 these cases.  We held a hearing before your Honor back in

17 September in which the parties were reminded of the need

18 to comply with the discovery deadline and that good cause

19 would be required to extend it.

20       The discovery schedule was then extended at

21 defendant's request.  As we laid out in our papers, they

22 convinced the Southern District of New York to extend the

23 discovery scheduled by some four months so the parties

24 could realign the schedules in this case with the other

25 cases that four month extension was granted by the Court.

10

Proceedings

1    But here we are after that long period of
2   discovery and they're simply wanting another bite at the
3   apple.  There's no good cause to reopen discovery.  Ms.
4   Waldman's entry into this case is a strategic decision by
5   the defendants collectively to try to cure a legal
6   infirmity that they have with respect to the original
7   notices that were raised.
8        I would also note that the purported need to
9   conduct discovery by Ms. Waldman was strategically never
10  raised by the defendants prior to seeking to add her to
11  the case.  Rather they attempted to frankly sandbag us in
12  the court with that request.  After seeking permission
13  after so many months representing Ms. Waldman, she only
14  sought to be added to the case at the February 7 hearing
15  and then again didn't raise any purported need to conduct
16  discovery until after she actually obtained the Court's
17  permission to be added through the stipulation.
18       Moreover, as we laid out in our papers, this is
19  not the typical situation in which discovery may be
20  reopened when a new party is added.  Rather, this case is
21  closely analogous to the situation presented in the *Kirby*
22  case.  Ms. Waldman does not have any ability -- you know,
23  even if there is a right to terminate, your Honor, she
24  has no right to terminate without Ms. Solo and Mr. Colan.
25  Similarly, they have no right to terminate without her.

11

Proceedings

1  We could have litigated this case without her.  She chose

2  to join.

3          And for all of these reasons we respectfully

4  request that the extension be denied.  Motions for

5  summary adjudication are due next month and Marvel is

6  anxious after again some 18 months of expensive and

7  burdensome discovery to take this case to be adjudicated.

8          THE COURT:  So one of the points raised in your

9  letter and you alluded to it again today is this notion

10  of whether or not there needs to be a deposition of Ms.

11  Waldman and utilization of that argument on behalf of the

12  defendants.  Would you like to be heard on that point?

13          MS. LENS:  I would, your Honor.  Thank you.  As

14  an initial matter, I don't think that Marvel's request to

15  take Ms. Waldman's deposition would justify an extension

16  of the discovery period and to permit the defendants to

17  conduct discovery.

18          We requested Ms. Waldman's deposition back I

19  believe on February 3rd.  You know, we were asking the

20  defense counsel to let us know where she lives so that we

21  could organize that deposition.  They stalled.  They

22  refused, Ms. Waldman refused to comply with a validly

23  issued subpoena for her deposition that was issued with

24  proper notice.  She simply didn't appear.

25          So as an initial matter Marvel would argue that

12

Proceedings

1    we should be permitted to take her deposition out of time

2    but that should have no impact as to the defendant's

3    ability to take discovery.

4         However, if your Honor were to conclude

5    otherwise, Marvel is willing to forgo Ms. Waldman's

6    deposition even though again we don't believe that we

7    should be asked to forego the deposition because one, we

8    sought it well advance of the discovery cutoff and it was

9    defendant's conduct that prevented us from taking the

10   deposition and not any fault of our own.

11        And second, of course we don't think that our

12   request to take her deposition gives them grounds to

13   reopen discovery on Marvel.  But again, if required,

14   Marvel feels so firmly that it would be incredibly

15   prejudiced by a six-month extension that we would be

16   willing to forgo that deposition.

17        MR. TOBEROFF:  Your Honor, may I address the --

18        THE COURT:  Mr. Toberoff, actually I have a

19   very specific question before you start, Mr. Toberoff.

20        MR. TOBEROFF:  Sure.

21        THE COURT:  How quickly could the deposition of

22   Ms. Waldman be held?

23        MR. TOBEROFF:  We would have to schedule it in

24   the month of March.  As we explained in the letter and

25   was explained to me by Ms. Waldman, she works for two

13

Proceedings

1  positions in a small pain clinic and they have tremendous

2  overload patients who are scheduled in advance.  And

3  because it's a pain clinic, the patients are in pain.

4  And so you can't just on a week's notice, which is what

5  Marvel tried to do, blow off these patients.  So we would

6  schedule it, I believe we would schedule it, I have to

7  confer with Ms. Waldman, but sometime, you know, towards

8  the end of March, from mid to late March.  I'm hopeful we

9  would be able to schedule the deposition then.

10             I want to point out that Ms. Waldman was

11  never -- the subpoena is invalid.  They just sent a

12  subpoena over to us.  We made no service agreement.  They

13  didn't even ask us.

14             Also, may I address some points that were made?

15             THE COURT:  Sure.

16             MR. TOBEROFF:  Ms. Lens spoke at length about

17  defendants reopening discovery.  Defendants, first of

18  all, were not reopening discovery because this motion was

19  made prior to the close of discovery.  Judge Morrison, we

20  had a brief discussion with Judge Morrison, but she

21  specifically wanted us to bring a motion before you and

22  defer to you and your judgment as to this issue.  So

23  there were no -- I don't view comments, off the cuff

24  comments before this had been briefed in any respect and

25  was spoken of as an additional issue to be a requirement

14

Proceedings

1    that were made by Judge Morrison.

2              I think there is -- but in all of the arguments

3    you heard, it was simply lumping Rachel in with the other

4    defendants and saying that therefore Rachel had

5    substantial opportunity to take discovery when in fact

6    she's had zero opportunity to take discovery.  There was

7    no strategic decision here.

8              We disagree that Rachel Waldman, because she's

9    been adopted out, she's the daughter of an adopted out

10   child, we disagree that as a matter of federal law she

11   would have been a necessary party for the effectiveness

12   of the notice of deposition.  A new notice was served as

13   a cautionary measure, a new notice of deposition, so if

14   the first notice, termination notice, if the Court agreed

15   that the first termination notice which is still a live

16   issue is invalid because you defer to New York law on the

17   issue as opposed to federal copyright law, which we

18   highly doubt, then we served a second notice so that if

19   the first notice were invalid for that reason, then the

20   second notice would be valid.  It's a perfectly

21   legitimate thing to do.

22             After we served that notice, we served that

23   notice on November 15th.  On November 11th they brought

24   up their argument that the first notice was insufficient

25   because you didn't have three, you had two parties and

15

Proceedings

1    they came up and articulated their theory on November

2    11th as to why they thought Rachel would be necessary.

3    We served the notice on November 15th.  Right after the

4    holidays, on January 2nd, we proposed adding Rachel, that

5    that would be the most efficient way to resolve this case

6    adding Rachel in the second notice of termination.  And

7    the defendants in fact stalled responding.  They didn't

8    respond.  They never gave us -- Marvel, excuse me.  I

9    said defendants.  Marvel did not give us an answer.  And

10   we had a conference on February 7th.  If Marvel had given

11   us an answer and we had added Rachel in early January as

12   we thought would be appropriate, and as Judge Morrison

13   ended up thinking is appropriate and efficient, we would

14   have been able to take discovery.  But they stalled that

15   and I can prove that they have run the clock on us and

16   delayed discovery in the other cases.

17          But this is not solely a question of the

18   opportunity that defendants has had.  It's a question of

19   what opportunity is Rachel going to have?  And again, she

20   shouldn't be penalized by the fact that she chose us as

21   her counsel because if she chose a different counsel,

22   nobody would say to her you're not entitled to take any

23   discovery.

24          THE COURT:  That's true, but the judge would

25   rightfully ask what specific discovery are you seeking to

16

Proceedings

1  take?  And in the absence of an answer, it's very hard to

2  set a proposed schedule.

3        I understand your arguments as to the timing of

4  when she was added and why.  I also understand fully

5  where Marvel is coming from with regards to the length of

6  time that has passed during discovery and the relative --

7        MR. TOBEROFF:  Your Honor, I couldn't -- I'm

8  sorry I couldn't hear you because of perhaps the cell

9  phone communication.

10       THE COURT:  I don't know.  I'm not sure.

11       MR. TOBEROFF:  Okay.

12       THE COURT:  So I understand your argument with

13  regards to the timing of why she was added and when.  I

14  also fully understand where Marvel is coming from in

15  terms of not wanting to fully reopen discovery.

16       The issue as I see it is relatively

17  straightforward and it really boils down to the question

18  that I asked at the outset which is what specific things

19  does Ms. Waldman want to actually do?  And I'm not

20  inclined to give her no opportunity for discovery, but I

21  don't think six months is appropriate given the history

22  here and the fact that she chose, she made an affirmative

23  choice to join this lawsuit midstream.  That was her

24  decision.  And it doesn't create a conflict for her to

25  make that choice but that choice has consequences and one

17

                              Proceedings

1   of the consequences is that she's not going to get the

2   full length of time that the other parties have had to

3   conduct discovery.  It's not reasonable and more

4   fundamentally, it's not proportionate to the needs of the

5   case because you have failed to elucidate what

6   specifically she needs to do and how that would be

7   proportional as opposed to just redundant with regard to

8   what the prior defendants already attempted to accomplish

9   with regard to discovery.

10          So my conclusion is that I'm going to give you

11  four weeks to complete the two depositions that have been

12  identified in this phone call.  In the absence of

13  specific additional things that you want to do, I don't

14  see a basis to extend the time for discovery any further

15  than that.  Mr. --

16          MR. TOBEROFF:  Your Honor?

17          THE COURT:  Yes.

18          MR. TOBEROFF:  Your Honor, if I may?  Yes.

19  Firstly, I did give examples of discovery.  I can go on

20  and on about the discovery that Rachel would like to

21  take.  She'd like to issue 25 interrogatories to Marvel.

22  She'd like to inquire -- all the copyrights are

23  registered in the name of shell companies for which Stan

24  Lee did not work, who paid no money for these works.  In

25  the process of discovery in prior interrogatories Marvel

18

Proceedings

1   has indicated that the company that was a functioning

2   company and wasn't a shell company and had a servicing

3   arrangement with a shell company but had provided no

4   servicing agreement or any evidence of that sort, she has

5   the right to have 25 interrogatories.  She would like

6   responses to those interrogatories.  And we would ask

7   about those shell companies.

8           One of Marvel's key witnesses is a gentleman by

9   the name of Roy Thomas and Roy Thomas gave his deposition

10  in this case and she would delve further in discovery

11  about the relationship between Roy Thomas and Marvel

12  because he had testified in Marvel's behalf --

13          THE COURT:  Mr. Toberoff, Judge Morrison

14  directed you to make your applications for discovery to

15  me.  None of this is set out in your letter.  My opening

16  question to you is what specific discovery steps do you

17  wish to take and you went on and on about the procedural

18  due process implications of denying her a lengthy period

19  for discovery instead of answering my question.  Only

20  when I issued my ruling stating that you could do the two

21  depositions do you come forward with specific things you

22  are now stating you would like to do.  I'm not granting

23  you unlimited, un-ferreted six months of additional

24  discovery.

25          If you would like to reduce to writing the

19

Proceedings

1  specific things that you would like to do and submit it

2  within three days, Marvel will have three days to respond

3  and I will make a determination from there.

4          In the meantime, the parties have four

5  additional weeks to conduct the two depositions that were

6  described.  The deposition of Ms. Waldman and the

7  deposition of Marvel to the extent Ms. Waldman is seeking

8  to take that.  If there are issues pertaining to that,

9  Marvel can make a motion to me at the appropriate time.

10          That is my ruling on the basis of the papers

11  that have been submitted thus far and the argument that

12  has been adduced today.  You have three days, not

13  including the weekend, to make an application if you have

14  specific things you want to do.

15          But to the extent she's seeking to do redundant

16  things that have already been attempted by the prior

17  representatives on the defense side, the application is

18  going to be denied.

19          So as of now, I would like your submission by

20  March 7th and Marvel will have until March 10th to

21  respond.

22          With that, Mr. Toberoff, I have another

23  conference on in about five minutes.  Is there anything

24  else I can do today?

25          MR. TOBEROFF:  Thank you, your Honor.

20

Proceedings

1              MS. LENS:  Thank you, your Honor.

2              THE COURT:  Ms. Lens, anything further for

3    today?

4              MR. TOBEROFF:  No, your Honor.

5              THE COURT:  All right.  Thank you both.  Have a

6    great afternoon.  Bye-bye.

7                        (Matter concluded)

8                             -oOo-

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **3rd** day of **March**, 2023.

*Mary Greco*

Transcriptions Plus II, Inc.