UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>                  Plaintiff,<br>  v.<br><br>NANCI SOLO, ERIK COLAN, and RACHEL WALDMAN,<br><br>                  Defendants. | Case No.: 1:21-cv-05316-NRM-TAM<br><br>Hon. Nina Morrison |
| NANCI SOLO, ERIK COLAN, and RACHEL WALDMAN<br><br>                  Counterclaimants,<br>  v.<br><br>MARVEL CHARACTERS, INC. and DOES 1-10, inclusive,<br><br>                  Counterclaim-Defendants. | **DEFENDANTS' SECOND AMENDED ANSWER**<br><br><u>DEMAND FOR JURY TRIAL</u> |

## NATURE OF THE ACTION

1. Defendants Nanci Solo, Erik Colan, and Rachel Waldman ("Defendants"), the heirs of Eugene J. Colan ("Gene Colan"), admit only that they have exercised Gene Colan's termination rights under the United States Copyright Act (the "1976 Act") by serving notices of termination on plaintiff Marvel Characters, Inc. ("MCI" or "Plaintiff") regarding comic book characters and stories created or co-created by Gene Colan and published between 1967 and 1975, and that MCI has brought this civil action for declaratory relief as set forth in its First Amended Complaint, but Defendants otherwise deny the allegations in paragraph 1.

2. Defendants admit only that the district court in *Marvel Worldwide, Inc. v. Kirby*, granted Marvel Worldwide, Inc. summary judgment against the statutory heirs of Jack Kirby, 777 F. Supp. 2d 720 (S.D.N.Y. 2011), *aff'd in part*, 726 F.3d 119 (2d Cir. 2013), and to the extent relevant, if any, respectfully refer the Court to these decisions for their contents, but Defendants otherwise deny the allegations in paragraph 2.

3. Defendants respectfully refer the Court to *In re Marvel Entertainment Grp.*, 254 B.R. 817 (D. Del. 2000) for its contents, to the extent relevant, if any, but Defendants otherwise deny the allegations in paragraph 3.

4. Defendants admit only that that MCI has brought this civil action for declaratory relief pursuant to 28 U.S.C. § 2201, as set forth in its First Amended Complaint, but Defendants otherwise deny the allegations in paragraph 4.

## PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis deny the same.

6. Admitted.

7. Admitted.

8. Admitted.

## JURISDICTION AND VENUE

9. Defendants admit only that Plaintiff purports to bring an action for declaratory relief under 28 U.S.C. §§ 2201, *et seq.*, and under the 1976 Act, 17 U.S.C. §§ 101, *et seq.* Paragraph 9 otherwise contains conclusions of law as to which no responsive pleading is required.

10. Defendants admit only that Nanci Solo and Erik Colon are domiciled in Brooklyn, New York. Paragraph 10 otherwise contains conclusions of law as to which no responsive pleading is required.

11. Defendants admit that Nanci Solo and Erik Colan are domiciled in this District. Paragraph 11 otherwise contains conclusions of law as to which no responsive pleading is required.

## ALLEGATIONS

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and on that basis deny the same. Defendants respectfully refer the Court to all documents referred to in paragraph 16 for evidence of the contents thereof.

17. Defendants admit only that Gene Colan died on June 23, 2011 and that Nanci Solo, Erik Colan, and Rachel Waldman survived him. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 17 and on that basis deny the same.

18. Defendants admit that between approximately June 22 and September 29, 2021, Nanci Solo and Erik Colan served four notices of termination on Marvel pursuant to 17 U.S.C. § 304(c) and the regulations promulgated thereunder. Defendants otherwise respectfully refer the Court to the documents referred to in paragraph 18 for evidence of the contents thereof.

19. Defendants admit the allegations in paragraph 19 only to the extent such allegations accurately reflect the contents of such documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

20. Defendants admit the allegations in paragraph 20 only to the extent such allegations accurately reflect the contents of such documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

21. Admitted

22. Defendants admit that on November 15, 2022, Defendants served four alternate notices of termination on Marvel pursuant to 17 U.S.C. § 304(c) and the regulations promulgated thereunder. Defendants otherwise respectfully refer the Court to the documents referred to in paragraph 22 for evidence of the contents thereof.

23. Defendants admit the allegations in paragraph 23 only to the extent such allegations accurately reflect the contents of such documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

24. Defendants admit the allegations in paragraph 19 only to the extent such allegations accurately reflect the contents of such documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

25. Defendants admit the allegations in paragraph 19 only to the extent such allegations accurately reflect the contents of such documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

26. Admitted.

## COUNT I: ACTION FOR DECLARATORY RELIEF

**[As to the Validity of All Notices]**

27. Defendants re-allege and incorporate by reference paragraphs 1-26 inclusive of their Second Amended Answer, as though fully set forth herein.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and on that basis deny the same.

35. Admitted.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the factual allegations contained in paragraph 36, and on that basis deny the same.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 37, and on that basis deny the same. Paragraph 37 otherwise contains conclusions of law as to which no responsive pleading is required.

38. Defendants deny the allegations contained in paragraph 38, except admit that MCI purports to seek a declaratory judgment pursuant to 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

A. With respect to the relief requested in paragraph A of the Prayer for Relief, Defendants specifically and generally deny that MCI is entitled to any of the relief requested in said paragraph.

B. With respect to the relief requested in paragraph B of the Prayer for Relief, Defendants specifically and generally deny that MCI is entitled to any of the relief requested in said paragraph.

C. With respect to the relief requested in paragraph C of the Prayer for Relief, Defendants specifically and generally deny that MCI is entitled to any of the relief requested in said paragraph.

## AFFIRMATIVE DEFENSES

Defendants hereby additionally allege the following as affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The First Amended Complaint fails to state a claim upon which the relief sought or any relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

4. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unjust enrichment.

## FIFTH AFFIRMATIVE DEFENSE

### (Claim Preclusion)

5. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of res judicata or claim preclusion.

## SIXTH AFFIRMATIVE DEFENSE

### (Issue Preclusion)

6. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of collateral estoppel or issue preclusion.

## SEVENTH AFFIRMATIVE DEFENSE

**(Duress)**

7. Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of duress.

## EIGHTH AFFIRMATIVE DEFENSE

**(Statute of Frauds)**

8. Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because of the Statute of Frauds.

## NINTH AFFIRMATIVE DEFENSE

**(Failure of Consideration)**

9. Plaintiff's claims are barred, in whole or in part, by the fact that any alleged contract between the parties or their respective predecessors-in-interest is unenforceable and/or void because the contract(s) lacked consideration.

## TENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

10. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by Plaintiff's failure to bring such claims within the governing statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

12. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

13. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of judicial estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

14. The First Amended Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of equitable estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Defendants' Termination Notices Not Invalidated by Technical Errors)

15. Under 17 U.S.C. § 304(c) and 37 C.F.R. § 201.10, Defendants' Termination Notices are not invalidated or curtailed due to technical errors or omissions, if any, since Defendants' intent to terminate all prior grants by Eugene J. Colan of his copyright interests in all

works listed in the Notices is made clear to Plaintiff in the Termination Notices timely served on Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Against Public Policy)

16. Any contract alleged in the First Amended Complaint which is contrary to public policy is unenforceable, and any relief requested in the First Amended Complaint which is contrary to public policy should not be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

17. The First Amended Complaint fails to state the claims for relief with sufficient particularity to permit Defendants to discern and raise all appropriate defenses. Defendants may have additional affirmative defenses available to them, which are not now fully known or of which Defendants are not fully aware. Defendants accordingly reserve the right to amend or supplement this answer with additional affirmative defenses after the same have been ascertained.

FOR THESE REASONS, Defendants pray that the Court dismiss all of Plaintiff's claim(s) and find for Defendants on Plaintiff's Count One, and that Defendants be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act, and pray for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: March 7, 2023                    By:   */s/ Marc Toberoff*
                                              Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Tel: (310) 246-3333; Fax: (310) 246-3101

*Attorneys for Nanci Solo, Erik Colan, and Rachel Waldman*

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaimants Nanci Solo, Erik Colan, and Rachel Waldman hereby demand a trial by jury on each claim for relief and/or issue that is triable by a jury.

Respectfully submitted,

Date: March 7, 2023       By:   */s/ Marc Toberoff*
                                     Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Tel: (310) 246-3333; Fax: (310) 246-3101

*Attorneys for Nanci Solo, Erik Colan, and Rachel Waldman*