UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARVEL CHARACTERS, INC.,

                Plaintiff,

      -against-

NANCI SOLO, ERIK COLAN, and            **DISCOVERY ORDER**
RACHEL WALDMAN,                                    21-CV-5316 (NRM) (TAM)
                                                                 (Not for Publication)

                Defendants.
-----------------------------------------------------------X
NANCI SOLO, ERIK COLAN, and
RACHEL WALDMAN,

                Counterclaimants,

      -against-

MARVEL CHARACTERS, INC.,

                Counterclaim-Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

       Plaintiff Marvel Characters, Inc. ("Marvel") initiated this action on September 24, 2021, against Defendants Nanci Solo and Erik Colan, the alleged heirs of comic book author Eugene J. Colan (the "Deceased"). (*See* Compl., ECF No. 1; *see also* Amend. Compl., ECF No. 49.) Marvel seeks a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, declaring invalid copyright termination notices served on Marvel by Solo, Colan, and later Defendant Rachel Waldman (another alleged heir of the Deceased), related to the Deceased's work as a contributor to dozens of comic books created between 1967 and 1975. (*See* Amend. Compl., ECF No. 49; *see also* Exs. 2–9 to Amend. Compl., ECF No. 49-2 to 49-9.) Defendants, in turn, seek a judgment declaring their termination notices valid

under § 304(c) of the Copyright Act. (*See* Second Amend. Answer & Counterclaim ("Amend. Answer"), ECF No. 51.)

Defendants filed a motion on March 7, 2023, requesting an additional six months to complete discovery and outlining the proposed "discovery for which they seek an extension." (Letter Mot., ECF No. 58.) The motion comes after the Court largely denied Defendants' earlier request for an extension — filed one week before the close of fact discovery — but permitted Defendants to file a supplemental motion "identifying the specific discovery steps" requested and "proposing deadlines for the completion of said discovery." (Mar. 2, 2023 ECF Minute Entry and Order; *see* Oct. 28, 2022 ECF Order; Defs.' Mot. for Extension, ECF No. 53.) Because Defendants fail to demonstrate good cause for modifying the Court's scheduling order, the motion is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff initially filed suit against only Solo and Colan, who first filed their termination notices in the summer of 2021. (*See* Compl., ECF No. 1; Exs. 2–4 to Compl., ECF Nos. 1-2 to 1-4.) At an initial conference on January 26, 2022, the Court entered a scheduling order whereby discovery was to be completed by January 16, 2023. (Jan. 26, 2022 ECF Minute Entry and Order.) On October 28, 2022, at the parties' request, the Court later extended the deadline to complete discovery to March 1, 2023. (Oct. 28, 2022 ECF Order.) Under these scheduling orders, the original parties engaged in significant discovery prior to Defendant Waldman's addition to this case.

On November 15, 2022, Defendants filed additional termination notices, this time including Waldman as an heir of the Deceased capable of exercising termination rights under § 304(c). (*See* Exs. 6–9 to Amend. Compl., ECF No. 49-6 to 49-9.) Defendants then

---

[1] This Order assumes familiarity with the underlying facts and relevant procedural history.

indicated that they intended to seek leave to amend to add Waldman as a party to this action. (*See* Defs.' Opp'n to Pl.'s Motion for Pre-Motion Conference, ECF No. 46, at 2.) Per the parties' stipulation and with leave of court, both parties amended their pleadings on February 21, 2023, naming Waldman as a party and seeking a declaratory judgment as to the additional termination notices. (*See* Amend. Compl., ECF No. 49; Amend. Answer, ECF No. 51; *see also* Feb. 7, 2023 ECF Minute Entry and Order; Tr. of Feb. 7, 2023 Hearing, ECF No. 48, at 8:22–9:17.) The Court notes that Defendant Waldman is jointly represented by counsel for Defendants Solo and Colan.[2] (*See* Amend. Answer, ECF No. 51.)

On February 22, 2023, Defendants moved for a six-month extension of the March 1, 2023 discovery deadline so that Waldman, as a newly added party, could engage in additional discovery. (*See* Defs.' Mot. for Extension, ECF No. 53.) At a hearing on March 2, 2023, after hearing preliminary argument on the motion, the Court issued an order extending the discovery deadline to March 30, 2023,[3] "for the limited purpose of conducting the depositions of Plaintiff and Defendant Rachel Waldman." (Mar. 2, 2023 ECF Minute Entry & Order.) The Court also stated: "[I]n the event that Defendant Waldman seeks to engage in additional, non-duplicative discovery, the Court directs Defendants to file a letter motion by [March 7, 2023] identifying specific discovery steps and proposing deadlines for the completion of said discovery." (*Id.*)

---

[2] At a hearing on February 9, 2023, the Honorable Nina R. Morrison questioned whether counsel's representation of all three Defendants presented a conflict. (*See* Tr. of Feb. 9, 2023 Hearing, ECF No. 48, at 16:12–17:1.) Counsel represented that the issue was "addressed . . . at length before" being retained by Waldman. (*Id.* at 17:2–4.)

[3] The Court notes that the March 30, 2023 date also provided sufficient time for Waldman, as a party "joined later" to provide initial disclosures within 30 days as automatically required by Fed. R. Civ. P. 26(1)(D). At the parties' request, the Court also extended the discovery deadline to April 28, 2023 — again, "for the limited purpose of conducting the depositions of Plaintiff and Defendant Rachel Waldman." (Mar. 24, 2023 ECF Order; *see* Mar. 23, 2023 Joint Stipulation, ECF No. 61.)

Defendants filed a letter motion on March 7, 2023, indicating that "Waldman wishes to serve up to 25 interrogatories . . . , requests for production . . . , and requests for admission" on ten described topics. (Letter Mot., ECF No. 58, at 1.) Defendants again requested "a six-month extension of the discovery deadline to permit this discovery." (*Id.*) For the reasons discussed below, Defendants' motion is denied.

## DISCUSSION

### I. Legal Standard

The party seeking to extend the time to complete discovery has "[t]he burden of demonstrating good cause" for modifying the scheduling order. *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 791 (S.D.N.Y. 2021); *see* Fed. R. Civ. P. 16(4) ("A schedule may be modified only for good cause and with the judge's consent."). "The Rule 16(b)(4) 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Rouviere*, 560 F. Supp. at 790–91 (quotation marks omitted). Other factors include "the prior knowledge of the parties, the stage of litigation reached, and the nature of the relief sought." *Bernstein v. Bernstein*, No. 91-CV-0785 (RR) (MDG), 1993 WL 466402, *1 (E.D.N.Y. Aug. 13, 1993). Courts may also "consider the degree to which any non-movant would be prejudiced by a requested amendment," although "[t]he *absence* of prejudice . . . is insufficient to satisfy the [good cause] standard." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 n.2 (S.D.N.Y. 2012) (emphasis added).[4]

---

[4] As set forth above, discovery was set to close in this case on March 1, 2023. (*See* Oct. 28, 2022 ECF Order.) Given the timing of Defendants' application and the breadth and scope of the discovery they seek to conduct just as discovery is set to close, the Court has also considered the factors relevant to a motion to reopen discovery. *See, e.g., Pierre v. Hilton Rose Hall Resort & Spa*, No. 14-CV-3790 (VMS), 2016 WL 2745821, at *3 (E.D.N.Y. May 11, 2016) (identifying the 6-factor

Discovery matters are further governed by Rule 26, which provides that the scope of discovery is to be determined by "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 also requires the court to limit discovery where "the discovery sought is unreasonably cumulative or duplicative." *Id.* 26(b)(2)(C)(i). The Court has "broad discretion" to make such determinations. *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019).

## II. Defendants' Request for an Extension of Discovery

As a threshold matter, the Court notes that Defendants have been given ample opportunity to demonstrate good cause for their requested extension, but have failed to do so. Concerning scope, Defendants' discovery requests are extremely broad — they have identified factual areas they seek to explore, i.e., a list of ten topics, some of which are multifaceted and quite general. (*See* Letter Mot., ECF No. 58, at 1.) As to how Defendants intend on conducting said discovery, they simply request the full arsenal of discovery tools available to parties in any given case. (*Id.*) It essentially appears that Defendants are seeking to re-start discovery *ab initio*. Defendants' motion is, accordingly, borderline unresponsive to the Court's prior order directing Defendants to identify "specific discovery steps and propos[ed] deadlines for [their] completion."

---

test as including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence"). For the reasons discussed herein, the Court finds that although trial is not imminent, a balancing of these factors tilts in Plaintiff's favor due to the lack of likelihood that additional discovery will lead to relevant evidence and prejudice to the non-moving party.

5

(Mar. 2, 2023 ECF Minute Entry & Order.) As to proposed deadlines, Defendants merely state that a "six-month extension" is required to conduct the necessary discovery — a request the Court previously advised Defendants it was not inclined to grant. (Letter Mot., ECF No. 58, at 1; *see* Tr. of Mar. 2, 2023 Hearing, ECF No. 55, 18:22–24.) In addition, Defendants' proposed discovery steps are not "specific." (Mar. 2, 2023 ECF Minute Entry & Order.)

Consequently, Defendants have failed to establish how the proposed discovery is necessary or justified at this stage of the case. Plaintiffs persuasively demonstrate that almost all of Defendants' proposed discovery is duplicative of the original parties' prior discovery efforts. (*See* Opp'n to Letter Mot., ECF No. 59, at 3–6; *see also* Ex. A to Opp'n to Letter Mot., ECF No. 59-1.) *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (tasking the court with limiting discovery that is "unreasonably cumulative or duplicative"). Even if there are some additional non-duplicative avenues, Defendants fail to explain how or why Waldman's late addition as a party now necessitates inquiry into the ten broad topics raised in the motion — particularly given that her claims and defenses are identical to those of her co-defendants, who have had ample time for discovery. *See id.* 26(b)(1) (permitting discovery of matters "relevant to any party's claim or defense" and considering "the importance of the discovery in resolving the issues"); *see also id.* 26(b)(2)(C)(ii) (limiting discovery where "the party seeking discovery has had ample opportunity to obtain the information").

Rather, the Court finds that Defendants "essentially seek[] to redo discovery that should have been, but was not, previously sought" or seek to duplicate "discovery already completed, but in hopes of more success this time." *Pierre v. Hilton Rose Hall Resort & Spa*, No. 14-CV-3790 (VMS), 2016 WL 2745821, at *3 (E.D.N.Y. May 11, 2016). "Discovery does not operate in this fashion." *DeLeon v. Muminov*, No. 19-CV-1572 (CBA)

6

(SJB), 2022 WL 3366373, at *2 (E.D.N.Y. Aug. 12, 2022) (denying application to reopen discovery upon finding that the "only inference the Court can draw is that in preparing for trial, Defendants now realized they could benefit from additional discovery and perhaps their prior counsel should have done more, and a redo would correct prior errors"). The analysis of *DeLeon* applies with equal force here. Defendants' broad request to essentially start discovery anew, premised on the addition of a party whose claims are identical to her co-defendants, leads the Court to conclude that Defendants' effort to extend the time for discovery amounts to little more than a fishing expedition that is highly unlikely to yield any additional relevant evidence.

Given the breadth of the requests, the Court notes the difficulty of assessing "the diligence of the movant in attempting to comply with the existing scheduling order" in this case. *Rouviere*, 560 F. Supp. at 790–91 (quotation marks omitted). As to the diligence issue, Defendants, whose burden it is to establish good cause for the extension, assert only that they "acted diligently in . . . mov[ing] to extend the discovery deadline within 24 hours of" when Waldman became a party to this action. (Defs.' Mot. for Extension, ECF No. 53, at 2.) The Court takes Defendants' point: given Defendant Waldman's recent addition to this case, she cannot be expected to have complied with the prior scheduling orders.[5] The motion here, however, is filed on behalf of all Defendants, who are jointly represented, and they fail to illustrate how the past year of discovery was somehow deficient, given their common interests.

---

[5] Defendants made this argument exclusively in their February 22, 2023 motion for an extension of discovery — filed the day after Waldman became a party. (*See* Defs.' Mot. to Extend, ECF No. 53, at 2.) The Court notes, however, that Defendants' later motion for an extension of discovery was filed on March 7, 2023. (*See* Letter Mot., ECF No. 58.) Defendants do not address Waldman's efforts since the filing of the February 22, 2023 motion to comply with the scheduling order; however minimal, those efforts would be relevant to the diligence analysis.

7

As a result, the Court finds that Defendants fail to advance sufficient justification for the requested extension. Defendants' primary proffered reason for the requested extension is that denying Waldman additional discovery would be "contrary to the due process norms of procedural fairness."[6] (Defs.' Mot. to Extend, ECF No. 53, at 3.) While the Court's adherence to Rule 16 is certainly bounded by constitutional limitations, Defendants have not cited any authority, nor is the Court is aware of any, that stands for the proposition that denying a request for an extension of a discovery schedule in a civil action implicates the movant's procedural due process rights — especially when the movant has not articulated a realistic likelihood of obtaining additional evidence of any import. *Cf. Satcorp Int'l Grp. v. China Nat'l Silk Imp. & Exp. Corp.*, 101 F.3d 3, 5–6 (2d Cir. 1996) (discussing procedural due process rights in the context of discovery sanctions). In any event, to the extent Defendants assert that denial will deprive Waldman of "'fundamental procedural fairness,'" the Court notes that Waldman became a party to this action at Defendants' own request, without stipulation as to whether additional discovery would be necessary. (Defs.' Motion to Extend, ECF No. 53, at 3 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998)); *see* Tr. of Feb. 7, 2023 Hearing, ECF No. 48, at 21:24–22:6.) As the Court observed at the March 3, 2023 hearing, Waldman "made an affirmative choice to join this lawsuit midstream," with a potential consequence being that she would have to abide by Defendants' prior discovery efforts. (Tr. of Mar. 3, 2023 Hearing, ECF No. 55, at 16:22–17:3.)

---

[6] Defendants previously argued that *Plaintiff* would benefit from an extension so that it could conduct Waldman's deposition. (Defs.' Mot. to Extend, ECF No. 53, at 2.) Given the Court's prior order, however, granting an extension "for the limited purpose of conducting the depositions of Plaintiff and Defendant Rachel Waldman," this argument does not support Defendant's requested extension to conduct other discovery. (Mar. 2, 2023, ECF Minute Entry & Order.)

8

Finally, the Court finds that Plaintiff has already responded to significant discovery requests in this matter and would be prejudiced by extending discovery an additional six months and having to respond to Defendants' additional proposed requests. (*See* Ex. A to Opp'n, ECF No. 59-1.) The Court further notes, as Plaintiff points out, that the effective dates of Defendants' termination notices are fast approaching, the first of which is October 11, 2023. (*See* Opp'n to Defs.' Mot. to Extend, ECF No. 54, at 6; Notice of Termination, ECF No. 49-4, at 4.) Given that the parties anticipate dispositive motion practice, an extension of discovery could delay a resolution in this case until after such time, thereby exposing Plaintiff to the risk of infringement, when the purpose of seeking a declaratory judgment was certainly to ascertain the parties' rights in an effort to avoid such an outcome. (*See* Feb. 7, 2023 ECF Minute Entry & Order.) Additionally, in light of parallel litigation being conducted in similar matters in other districts, the requested extension would further prejudice Plaintiff by potentially requiring it to engage in dispositive motion practice in the related matters while simultaneously being required to respond to Defendants' onerous, duplicative discovery demands in this case. (*See* Jan. 17, 2023 Joint Stipulation, ECF No. 47.)

\*   \*   \*   \*   \*

Given "the stage of litigation reached[] and the nature of the relief sought," the Court finds that, on balance, Defendants have failed to demonstrate good cause for the requested extension. *Bernstein*, 1993 WL 466402, \*1. Defendants' motion is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
      March 27, 2023

                                            *Taryn A. Merkl*
                                            TARYN A. MERKL
                                            UNITED STATES MAGISTRATE JUDGE